IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPTECH FINANCIAL, LLC, a Utah limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> SPORTECH, LLC, a Minnesota limited liability company, and OFF-ROAD ACQUISITION CO. LLC, a Delaware limited liability company, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:24-cv-00306-RJS-DAO <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Defendants' Motion Pursuant to Federal Rule of Civil Procedure 56(d).[1] Having reviewed the Motion and associated briefing, the court GRANTS Defendants' Motion. Accordingly, Plaintiff's outstanding Motion for Summary Judgment[2] is DENIED WITHOUT PREJUDICE and may be resubmitted after the January 17, 2025 fact-discovery deadline.

## BACKGROUND

This is a breach of contract case arising out of a Master Lease Agreement (MLA) between Plaintiff CapTech Financial, LLC (CapTech) and Defendant Sportech, LLC (Sportech).[3] In connection with the MLA, Sportech and CapTech executed two Lease Schedules

---

[1] Dkt. 28, *Defendants' Motion Pursuant to Rule 56(d)* (*56(d) Motion*).

[2] *See* Dkt. 20, *Plaintiff's Motion for Summary Judgment and Memorandum in Support* (*Motion for Summary Judgment*).

[3] *See* Dkt. 2-1, *Complaint* ¶ 7.

1

wherein CapTech agreed to lease various pieces of machinery, equipment, and materials to Sportech, and Sportech agreed to remit monthly payments to CapTech.[4] The MLA and Lease Schedules are collectively referred to as the "Lease." Defendant Off-Road Acquisition Co. LLC (Off-Road) guaranteed the payment and performance of all the obligations of Sportech under the Lease pursuant to a Guaranty Agreement.[5]

CapTech brought suit for breach of the Lease in Utah state court in March 2024,[6] and Defendants removed this case to federal court the following month.[7] Thereafter, the parties negotiated a discovery schedule.[8] The schedule calls for fact discovery to remain open through January 17, 2025, for any expert discovery to be completed by June 15, 2025, and for dispositive motions to be filed no later than July 15, 2025.[9] Despite these deadlines, CapTech filed a Motion for Summary Judgment on August 5, 2024, seeking to recover the Stipulated Loss Value and the machinery provided to Sportech under the Lease.[10] Defendants filed the present 56(d) Motion on September 23, 2024, seeking to defer consideration of CapTech's Motion for Summary Judgment until completion of fact discovery.[11] The 56(d) Motion is ripe for review.[12]

---

[4] *Id.* ¶¶ 8, 11.

[5] *Id.* ¶ 15.

[6] *See id*. at 11.

[7] *See* Dkt. 2, *Notice of Removal*.

[8] *See* Dkt. 18, *Scheduling Order*.

[9] *Id.* at 3–4.

[10] *See Motion for Summary Judgment*.

[11] *See 56(d) Motion*.

[12] Dkt. 36, *Plaintiff's Memorandum in Opposition to Defendants' Motion Pursuant to Rule 56(d)* (*56(d) Opposition*); Dkt. 40, *Defendants' Reply in Further Support of Rule 56(d) Motion* (*56(d) Reply*).

## LEGAL STANDARD

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"The general principle of Rule 56[(d)] is that 'summary judgment [should] be refused when the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[13]

The decision to grant a Rule 56(d) motion is within the trial court's discretion.[14] While courts generally treat these motions liberally, "[t]o invoke the protection of Rule 56[(d)], the party filing the affidavit must state with specificity how 'the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment.'"[15] And "if the . . . information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted."[16]

## ANALYSIS

Defendants argue eight categories of outstanding discovery requests justify granting their 56(d) Motion as the discovery "directly bears on the factual issues presented in" CapTech's Motion for Summary Judgment.[17] But seven of the eight categories of outstanding discovery are likely irrelevant to the resolution of CapTech's Motion. The only category of discovery the court finds potentially relevant to defending against summary judgment is the request for discovery

---

[13] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (citation omitted).

[14] *Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993) (citation omitted).

[15] *Id.* (citation omitted) (alteration in original).

[16] *Id.* (citation omitted).

[17] *56(d) Motion* at 8.

3

"relating to CapTech's relationship with the nonparties Signature Financial, LLC and First Guaranty Bank, to which CapTech ha[d] assigned interests in the Lease."[18] The court finds this information relevant to "whether CapTech is entitled to the full and complete relief requested in its summary judgment motion."[19]

In its Motion for Summary Judgement, CapTech asks this court to summarily decide whether (1) the Lease constitutes a contract, (2) CapTech performed its own obligations under the Lease, (3) Defendants breached the Lease, and (4) CapTech suffered damages.[20] CapTech claims it is undisputed Defendants breached the Lease due to Patrick Industries, Inc.'s acquisition of Sportech in January 2024;[21] Sportech's movement of the leased machinery from one facility in Minnesota to another;[22] and Sportech's failure to pay CapTech any payment under the Lease after February 1, 2024, even though Sportech continues to use the Property.[23]

Importantly, the Lease permits CapTech to assign or transfer its rights under the Lease upon notice but without consent of Sportech.[24] And soon after the Lease was executed, CapTech notified Sportech it had assigned the Lease to First Guaranty Bank and Signature Financial

---

[18] *Id.* at 9.

[19] *Id.*

[20] *Motion for Summary Judgement* at 11 (citing *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001)).

[21] *Id.* at 6.

[22] *Id.* at 8.

[23] *Id.*

[24] Dkt. 21-1, *Master Lease Agreement No. CTF0121* (*MLA*) at 5 ("Lessor may assign or transfer all or any part of Lessor's rights and interests in the Lease and/or the Property to any Lessor's Assignee either outright or as security for loans . . . . Upon notice of any such assignment and instructions from Lessor, Lessee shall pay its Rental and other payments due hereunder and perform its other obligations under the Lease to Lessor's Assignee (or to another party designated by Lessor's Assignee).").

LLC.[25] CapTech admits to these assignments, but it claims that, as a result of Defendants' default under the Lease, CapTech repurchased the Lease from the assignees.[26]

But Defendants should be allowed to take discovery into the circumstances surrounding these assignments and repurchases as they potentially bear on the parties' performance under the Lease.[27] For example, it is unclear whether CapTech ever provided notice to Defendants of the repurchase of the Lease from First Guaranty Bank and Signature Financial LLC, possibly a condition precedent to Defendants' duty to remit payment to CapTech under the Lease.[28] And Defendants' alleged breach may have resulted from Defendants' mere confusion about where and to whom they should direct their Lease payments.[29] Additional discovery likely will shed light into the relationship between CapTech, First Guaranty Bank, and Signature Financial, and the effect the assignments and repurchases had on Defendants' ability to remit payments due under the Lease.

Moreover, depending on the existence of other agreements between CapTech and its assignees, CapTech may not be the real party in interest properly before the court.[30] This would require the court to provide "a reasonable time . . . for the real party in interest to ratify, join, or

---

[25] Dkt. 30, *Memorandum of Law in Opposition to Motion for Summary Judgement* at 5–6, 11.

[26] Dkt. 37, *Reply in Support of Plaintiff's Motion for Summary Judgment* at 10 ("As Defendants point out, CapTech had assigned the two Lease Schedules to two assignees. As a result of Defendants' default under the Lease, CapTech repurchased the Lease from the assignees.").

[27] *See 56(d) Reply* at 5 ("Documents and records relating to [CapTech's relationship with First Guaranty Bank and Signature Financial] will be probative of CapTech's claims of default . . . .").

[28] *See MLA* at 5 ("Lessor may assign or transfer all or any part of Lessor's rights and interests in the Lease and/or the Property to any Lessor's Assignee either outright or as security for loans . . . . Upon notice of any such assignment and instructions from Lessor, Lessee shall pay its Rental and other payments due hereunder and perform its other obligations under the Lease to Lessor's Assignee (or to another party designated by Lessor's Assignee).").

[29] CapTech continued to send informational invoices to Sportech even after it had assigned its interest in the Lease. *See* Dkt. 31-10, *Informational Invoice to Signature Financial*. But Defendants allege CapTech stopped sending invoices to Sportech after claiming breach of the Lease. *See, e.g.*, *Memorandum of Law in Opposition to Motion for Summary Judgement* at 15. This is despite Sportech being willing and ready to pay all payments in arrears and to continue making payments upon the issuance of an invoice by CapTech. *Id.* at 14.

[30] Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").

be substituted into the action."[31]  And by ruling early on CapTech's Motion, the court could be running afoul of Rule 17's requirements.

Indeed, federal courts look to state law to determine whether a plaintiff is the real party in interest under Rule 17.[32]  Here, under Utah law, "where an account, claim, interest, or debt has been effectively assigned, the general rule is that an assignee is the real party in interest."[33] While CapTech provided strong support for its claim that it repurchased the Lease from the assignees before bringing this lawsuit—consisting of a declaration from its CFO, Remington Atwood, and various bills of sale and UCC Financing Statements[34]—it remains unclear whether additional agreements exist between CapTech and the assignees that could affect CapTech's status as the real party in interest before the court.[35]  And to date, Defendants have not had a chance to interrogate that evidence.

Ultimately, the scope of the relationship between CapTech and its assignees appears to be significant, and Defendants are entitled to explore that relationship to adequately defend against CapTech's claims.  Thus, Defendants have satisfied their burden under Rule 56(d) by demonstrating they have not had the opportunity to discover information that is essential to their

---

[31] *See* Fed. R. Civ. P. 17(a)(3).  Rule 17 is designed "to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata." *Sherlock v. BPS Guard Svcs., Inc.*, 849 F. Supp. 37, 39 (D. Kan. 1994) (quoting advisory committee note to the 1966 Fed. R. Civ. P. 17(a) amendment).

[32] *See K-B Trucking Co. v. Riss Intern. Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985).

[33] *Michelson v. Enrich Intern, Inc.*, 6 F. App'x 712, 716–17 (10th Cir. 2001) (unpublished) (citing Utah R. Civ. P. 17(a); *Lynch v. MacDonald*, 367 P.2d 464, 468 (1962); *Empire Land Title, Inc. v. Weyerhaeuser Mortg. Co.*, 797 P.2d 467, 470 (Utah Ct. App. 1990)).

[34] *See* Dkt. 38, *Supplemental Appendix of Evidence to Plaintiff's Motion for Summary Judgment*.

[35] Indeed, CapTech's interactions with Sportech before filing this lawsuit suggest CapTech's relationship with its assignees is more complex than it seems.  For example, even after CapTech assigned all its rights under the Lease to First Guaranty Bank and Signature Financial, it was the sole entity threatening legal action against Defendants if they breached the Lease.  *See* Dkt. 31-11, *Email from Michael Mayfield*; Dkt. 31-12, *Demand Letter from CapTech Counsel*.

opposition.[36]  Accordingly, the court will defer ruling on CapTech's Motion until the close of fact discovery.

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' Motion.[37]  CapTech's outstanding Motion for Summary Judgment[38] is DENIED WITHOUT PREJUDICE and may be resubmitted after the fact-discovery deadline of January 17, 2025, but before the dispositive-motion deadline of July 15, 2025.

SO ORDERED this 14th day of November 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[36] *Price ex rel. Price*, 232 F.3d 779 at 783 (citation omitted).

[37] Dkt. 28.

[38] Dkt. 20.